**PUBLISH**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 13-cv-02122-REB

RANDY J. HENDERSON,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

## ORDER REVERSING DISABILITY
## DECISION AND REMANDING TO COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed August 8, 2013, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand on the limited grounds noted here.

## I. FACTUAL AND PROCEDURAL BACKGROUND

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Plaintiff alleges that he is disabled as a result of Meniere's disease with tinnitus,[2] profound sensorineural hearing loss of the right ear and moderate sensorineural hearing loss of the left ear.  After his application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge.  This hearing was held on August 3, 2011.  At the time of this hearing, plaintiff was 54 years old.  He has a high school education and past relevant work experience as machine operator and a radon tester.  He has not engaged in substantial gainful activity since January 1, 2009, his alleged date of onset.  His date last insured was March 31, 2009.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits.  Although the evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  Other alleged impairments, namely chronic obstructive pulmonary disease and depression, were found not severe.  The ALJ found that plaintiff had the residual functional capacity to light work with certain postural and environmental limitations.  Although this finding precluded plaintiff's past relevant work, the ALJ concluded that there were other jobs existing in significant numbers in the national and local economies that he could perform.  He therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council

---

[2] "Meniere's disease is a disorder of the inner ear that causes spontaneous episodes of vertigo – a sensation of a spinning motion – along with fluctuating hearing loss, ringing in the ear (tinnitus), and sometimes a feeling of fullness or pressure in your ear. In many cases, Meniere's disease affects only one ear." Mayo Clinic, *Diseases and Conditions, Meniere's Disease, Definition* (available at http://www.mayoclinic.org/diseases-conditions/menieres-disease/basics/definition/con-20028251) (last accessed March 2, 2015.)

2

affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  *See **Kelley v. Chater**,* 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

>  1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
>  2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
>  3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(a)(4)(i)-(v). *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is

overwhelmed by other evidence in the record or constitutes mere conclusion."

***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  ***Id.***

### III.  LEGAL ANALYSIS

Plaintiff alleges several grounds of error in this appeal.  Because I concur with his assertion that the ALJ failed to provide adequate substantiation for his residual functional capacity determination, a failing which appears to have been exacerbated by the failure to adequately develop the record, I remand for further proceedings without addressing the remaining allegations of error, which potentially may be impacted on remand.  ***See Watkins v. Barnhart***, 350 F.3d 1297, 1299 (10th Cir. 2003); ***Gorringe v. Astrue***, 898 F.Supp.2d 1220, 1225 (D. Colo. 2012).

The medical evidence in this case is rather scant.  There are no medical records from the crucial (and exceedingly brief) period of time between plaintiff's alleged date of onset and his date last insured, and no treating source has ever been asked to offer an opinion as to any functional limitations attendant to plaintiff's acknowledged impairments.  Nor does it appear that the Commissioner has ever requested a medical expert to review the evidence in order to offer such an opinion.[3]  The ALJ thus was left

---

[3] At this late date, it seems that referring plaintiff for a consultative examination would not be productive.  Nevertheless, if the ALJ feels otherwise, he of course may order such an examination after the case is remanded.

with crafting a residual functional capacity largely on his own.

Of course, the determination of residual functional capacity ultimately is an administrative, not a medical, one. 20 C.F.R. § 404.1546; **Rutledge v. Apfel**, 230 F.3d 1172, 1175 (10th Cir. 2000). Instead, residual functional capacity is assessed "based on all of the relevant medical and other evidence," 20 C.F.R. § 404.1545(a)(3), "including medical records, observations of treating physicians and others, and plaintiff's own description of his limitations," **Noble v. Callahan**, 978 F.Supp. 980, 987 (D. Kan. 1997). Nevertheless, the ALJ must make plain how he arrived at his determination by including in his assessment "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." **Social Security Ruling 96-8p**, 1996 WL 374184 at *7 (SSA July 2, 1996). I find the ALJ's discussion in this regard inadequate, and thus remand.

The ALJ noted that plaintiff suffered from Meniere's disease with tinnitus and profound hearing loss in his right ear. However, he noted that plaintiff had "excellent" word recognition in his left ear. He also noted that plaintiff reported his symptoms as being "quite irritating." He then concluded, "[b]ased on the aggregate of the evidence, objective and empirical," that plaintiff's symptoms and limitations were not as disabling as alleged. (Tr. 14.)

There are at least two problems with this conclusion. First, the audiology report from which it is partially derived was based on testing undertaken in January 2007 – two full years prior to plaintiff's alleged date of onset. (*See* Tr. 169.) Moreover, the ALJ's

conclusion does not follow logically from the evidence to which he cites. The fact that plaintiff had excellent word recognition in his left ear fails to address in any way the limitations attributable to his Meniere's disease, which manifested in the right ear and appears to have little relationship to word recognition abilities *vel non*. Nor is it clear how the ALJ concluded that plaintiff's description of his symptoms as "quite irritating" suggested that his impairments were not functionally limiting – indeed, if anything, the opposite inference seems more plausible. In addition, the citation to the treatment note from which this report was derived neglected to mention the further notation that plaintiff's condition was "chronic" and "nothing has been very helpful" in resolving the symptoms of Meniere's disease. (Tr. 161.)

Given the paucity of the evidence cited in support of this conclusion and the disconnect between it and the evidence cited in support, the ALJ's residual functional capacity assessment appears to be simply a conclusion in the guise of a finding, which does not constitute substantial evidence. **See Hardman v. Barnhart**, 362 F.3d 676, 679 (10th Cir. 2004). This error is not abated by the ALJ's citation to a treatment note from 2010 (well after plaintiff's date last insured) in which plaintiff stated that he had noticed changes in his equilibrium, but no dizziness. (Tr. 159.)

Nor does the ALJ's observance that plaintiff drives, shops, does laundry, and works on motors bolster his determination substantially. The ability to engage in limited household and other activities of daily living does not equate to the ability to perform substantial gainful activity on a regular work schedule. **See** 20 C.F.R. § 404.1572(c); **Thompson v. Sullivan**, 987 F.2d 1482, 1490 (10th Cir. 1993). Moreover, even if it did,

the ALJ failed to question plaintiff as to any particulars with regard to the extent or frequency of his participation in these activities such that they might be thought to represent a fair picture of his functionality during the relevant period of time.  (*See* Tr. 28-30.)

Although the Commissioner posits a number of alternative bases in support of the ALJ's decision, such *post hoc* rationalizations are inappropriate.  *See Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005); *Allen v.Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004).  The ALJ's decision must be evaluated based solely on the reasons articulated by the ALJ himself.  *Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004).

Moreover, the failure to fully and fairly develop the record is especially glaring in this instance both because plaintiff was unrepresented at the hearing, *see Carter v. Chater*, 73 F.3d 1019, 1021 (10th Cir. 1996), and also because, although plaintiff apprised the ALJ that he believed the file was not complete, the judge appears to have simply spoken over plaintiff's attempts to explain and summarily concluded otherwise (*see* Tr. 22-23).  For all these reasons, I find and conclude that remand is warranted.[4]

### IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**;

---

[4] Although plaintiff intimates that a directed award of benefits may be appropriate here, I find that this case to be an inappropriate instance for the exercise of my discretion in that regard.   *See Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993).  By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

2. That this case is **REMANDED** to the ALJ to

    a. Further develop the administrative record as necessary to procure substantial evidence in support of his findings; provided, that the ALJ may request the opinion of a medical expert, order a consultative examination, procure further medical records from plaintiff's medical sources, and/or otherwise to develop the administrative record as he sees fit;

    b. Reevaluate the determination at step 4 regarding plaintiff's residual functional capacity, fully articulating his reasons, with specific citation to the evidence of record, for his determination in that regard; and

    c. Reassess the disability determination; and

3. That plaintiff is **AWARDED** his costs, to be taxed by the clerk of the court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1), D.C.COLO.LCivR 54.1, and 28 U.S.C. § 2412(a)(1).

Dated March 3, 2015, at Denver, Colorado.

                                          **BY THE COURT:**

                                          */s/ Robert E. Blackburn*
                                          Robert E. Blackburn
                                          United States District Judge